# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WALTER W. BLANCK,

        Plaintiff,

    v.                                                       Case No. 06-C-732

PATRICIA J. GORENCE,

        Defendant.

## DECISION AND ORDER

Plaintiff Walter W. Blanck, a state prisoner at all times relevant, lodged this *pro se* civil rights action against United States Magistrate Judge Patricia J. Gorence. Currently pending are the plaintiff's petition to proceed *in forma pauperis* and motion to appoint counsel.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's

trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $87.48. Thus, his motion to proceed *in forma pauperis* will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights

3

Case 2:06-cv-00732-WEC   Filed 10/31/06   Page 3 of 9   Document 20

complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

An initial comment is necessary with respect to the complaint in this action. As noted in the prior order of July 18, 2006, the complaint was filed in three installments. However, the plaintiff subsequently filed more than ten additional documents, including numerous pieces of evidence and memoranda, in addition to a motion to appoint counsel. Therefore, in the interest of fairness to the plaintiff, the court will review all documents on file when screening this case pursuant to 28 U.S.C. § 1915A(a).

Much of the plaintiff's copious filings concern the facts leading up to his conviction in *State v. Walter Blanck*, Waukesha County Case No. 97-CF-237. Thus, a brief recitation of the plaintiff's averments bears repeating. It appears that the story begins in 1975, when the plaintiff "was trained and paid to gun down" former United States President Jimmy Carter, who was at the time the "1976 Democratic Presidential Candidate." (Pl.'s Attachments of Aug. 1, 2006, Pt. 3 at 1). It is unclear who paid the plaintiff to kill former President Carter. However, he contends that he had a "first hand association with George Bush, Sr.," (who was at the time head of the CIA) (Pl.s' Letter of Aug. 11, 2006, at 2), and that he was "brought into the FBI's service against his will." (Pl.'s Letter of Sept. 5, 2006, at 2).

Although the plaintiff refused to assassinate Carter, various government actors sought to keep him silenced by sending him to prison. (Pl.s' Letter of August 11, 2006, at

4

2). For example, Waukesha County District Attorney Paul Bucher had the plaintiff unlawfully incarcerated "due to [the plaintiff's] direct link to a series of covert agendas for and on behalf of George Bush, Sr. and one ATF agent and 3 FBI agents i.e. for the sake of damage control." (Pl.'s Letter of Sept. 5, 2006, at 6). As a result, the plaintiff charges that he is "incarcerated for political reasons." (Pl.s' Attachments of Aug. 1, 2006, Pt. 3 at 1).

On October 4, 1990, the plaintiff was arrested in Illinois for kidnaping Annalisa Holewski. (Pl.s' July 5, 2006, Documents in Support of Petition Ex. 1). It appears that he was convicted and sentenced in Illinois. (Pl.s' July 5, 2006, Documents in Support of Petition Ex. 19). However, the plaintiff is currently in the custody of the Wisconsin Department of Corrections, serving a sixty-seven year prison sentence following his conviction for false imprisonment, kidnaping, sexual assault and other related crimes. (Pl.s' July 5, 2006, Documents in Support of Petition Ex. 12).

On March 22, 2002, the plaintiff filed a petition for writ of habeas corpus in *Blanck v. Bertrand,* No. 02-C-290 (E.D. Wis. June 16, 2004). United States Magistrate Judge Patricia J. Gorence appointed Attorney Thomas J. Wilmouth to represent the plaintiff. (Pl.'s July 5, 2006, Petition at 11). However, the plaintiff contends that

> ...there was a conflict of interests, i.e. Magistrate Gorence, due to her extended work history at U.S. atty office at eastern Dist. of WI. and with the, i.e., Deputy Attorney General, with WI. Dept. of Justice, Ms. Gorence, had a conflict of interests...
>
> ...Mag. Gorence in fact approved excessive payments to the attorney she appointed to my pro se case, after I had already gained and won a very favorable filed answer...

5

> ...Atty Wilmouth Deleted all of my pro se gains over my filed and numerous objections, that Mag. Gorence allowed these deletes, does not reflect justice, it reflects her, and is proof of her, clear conflict of interest.
>
> ... Mag. Gorence indifference to a disabled pro se petitioner rights. She reached to the 7th Circuit Court of Appeals Judge Flaum to approve excessive payment to a Attorney she appointed to a writ case, a pro se filing basically already won.

*Id*. at 2-3.

On June 17, 2004, the plaintiff's petition for writ of habeas corpus in Case No. 02-C-290 was denied. (Pl.'s July 27, 2006, Mot. to Appoint Counsel Ex. 10). Subsequently, the plaintiff filed a notice of appeal with the Court of Appeals for the Seventh Circuit. *Id*. The Seventh Circuit construed the plaintiff's filing as a request for certificate of appealability and denied such request on October 14, 2005. *Blanck v. Bertrand*, No. 05-2880 (7th Cir. Oct. 14, 2005)(order denying request for certificate of appealabilty).[2] The plaintiff then petitioned for rehearing, which the Seventh Circuit denied on October 24, 2005. *Blanck v. Bertrand*, No. 05-2880 (7th Cir. Oct. 24, 2005).

In the current action, the plaintiff asks that he be granted "a fair opportunity i.e. a fair access, to our fine Federal Court System, i.e., Review 02-C-0290 + appoint a atty a clean one for me!" (Pl.'s July 5, 2006, Petition at 5). Thus, as best the court can tell, the plaintiff seeks the following as relief: (1) review of the Seventh Circuit's decision to deny his request for a certificate of appealability; (2) a second opportunity to pursue a petition for

---

[2] The plaintiff has not submitted any documents from his appeal. However, the court may take judicial notice of official court records pursuant to Fed.R.Evid. 201.

6

writ of habeas corpus; and (3) appointment of counsel.

First, the plaintiff desires review of the Seventh Circuit's refusal to grant a certificate of appealabilty in *Blanck v. Bertrand*, No. 05-2880. The plaintiff may not obtain such relief in this court. Rather, a petitioner seeking reconsideration of a denial of certificate of appealability must either: (1) file a petition for writ of certiorari with the Supreme Court of the United States, *Hohn v. United States*, 524 U.S. 236 (1998)(the Supreme Court has statutory certiorari jurisdiction under 28 U.S.C. § 1254(1) to review the denial of a certificate of appealability); *Slack v. McDaniel,* 529 U.S. 473 (2000)(same); or (2) file a request for an *en banc* rehearing in the circuit court that denied his request, *Thomas v. United States*, 328 F.3d 305 (7th Cir. 2003)("any order that terminates the appeal, and may be reviewed by the Supreme Court, should also be eligible for review by the full court of appeals.").

As to the plaintiff's desire to lodge a second or successive habeas petition, 28 U.S.C. § 2244(b)(3)(A) requires a petitioner to secure authorization from a court of appeals before filing a second or successive habeas petition in the district court. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Given that this action appears to be the equivalent of a second or successive § 2254 habeas petition, and the plaintiff did not obtain from the Seventh Circuit an order authorizing this court to consider his petition, the court is obliged to dismiss this claim pursuant to § 2244(b)(3)(A) for lack of jurisdiction.

As a final matter, the plaintiff has filed a motion to appoint counsel. However, because this action is being dismissed, the plaintiff's motion to appoint counsel will be

7

denied as moot.

## ORDER

**IT IS THEREFORE ORDERED** that the's motion for leave to proceed *in forma pauperis* (Doc. # 3) is **granted**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Doc. # 9) is **denied** as moot.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $262.52 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this 31st day of October, 2006.

                **SO ORDERED,**

                s/ Rudolph T. Randa
                **HON. RUDOLPH T. RANDA**
                **Chief Judge**