# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WALTER W. BLANCK,**

        **Plaintiff,**

    **-vs-**                                     **Case No. 06-C-0732**

**PATRICIA J. GORENCE,**

        **Defendant.**

## DECISION AND ORDER

Plaintiff, Walter W. Blanck, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On October 31, 2006, the complaint was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). That same day, judgment was entered dismissing this action. Currently pending are the plaintiff's request to alter or amend the judgment and request for appointment of counsel.

As a preliminary matter, the plaintiff seeks to have certain documents filed under seal. Pursuant to General L.R. 79.4 (E.D. Wis.),

> All documents which a party seeks to have treated as confidential, but as to which no sealing order has been entered, must be filed in a sealed envelope conspicuously marked "Request for Confidentiality Pending," together with a motion requesting an appropriate order. The separate motion for sealing must be publicly filed and must generally identify the documents contained in the sealed envelope.

In the present case, the plaintiff filed letters with the court on the following dates: November 8, 2006, November 9, 2006, November 13, 2006, November 17, 2006,

December 26, 2006, January 3, 2007, and January 4, 2007. However, the plaintiff did not file any of these documents in a sealed envelope conspicuously labeled "Request for Confidentiality Pending." Additionally, the plaintiff did not file a separate motion requesting that the documents be sealed by the court. Thus, the court declines to file the plaintiff's documents under seal. Accordingly, the Clerk of Court will file the plaintiff's letters as part of this open file.

Careful review of all the plaintiff's filings indicates that the plaintiff now seeks release from prison and appointment of counsel to represent him in this action. Inasmuch as the plaintiff claims that his criminal conviction is unlawful and demands release from DOC custody, the court construes his request as a motion to alter or amend the October 31, 2006, judgment denying his previous demand for release from prison. Under Rule 59(e), a court may alter or amend a judgment if: (1) the movant can demonstrate a manifest error of law or fact; (2) the movant presents newly discovered and previously unavailable evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., *Federal Practice and Procedure*, § 2810.1, at 125-27 (1995); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures.") Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or

should have been presented to the district court prior to judgment. *Moro*, 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

The plaintiff has not presented newly discovered evidence nor has he shown that the court's October 31, 2006, decision contained a manifest error of law. Indeed, the plaintiff has re-submitted the same evidence that he filed in support of the arguments set forth in the complaint. Therefore, the plaintiff's motion to alter or amend the judgment will be denied.

Next, the plaintiff has requested that counsel be appointed to represent him in this action. As grounds for his request, the plaintiff states: (1) he lacks formal legal training; (2) he is disabled; (3) he is unlawfully incarcerated; (4) his legal mail pertaining another case was returned to him; and (5) he was drugged with a "life altering" chemical. (Letter of Nov. 8, 2006 at 1; Letter of Jan. 4, 2007, at 3). Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. *Id*. at 1073. If plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id*.

In this case, the plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Moreover, this action has been dismissed and the plaintiff's motion for reconsideration has been denied. Accordingly, the plaintiff's request for appointment of counsel must be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's request to alter or amend the judgment is **denied.**

**IT IS FURTHER ORDERED** that the plaintiff's request for appointment of counsel is **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the plaintiff's letters of November 8, 2006, November 9, 2006, November 13, 2006, November 17, 2006, December 26, 2006, January 3, 2007, and January 4, 2007, as part of this open file.

Dated at Milwaukee, Wisconsin this 23rd day of January, 2007.

          **SO ORDERED,**

          s/ Rudolph T. Randa
          **HON. RUDOLPH T. RANDA**
          **Chief Judge**