# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WALTER W. BLANCK,

        Plaintiff,

-vs-                                        Case No. 06-C-0732

PATRICIA J. GORENCE,

        Defendant.[1]

## DECISION AND ORDER

Plaintiff, Walter W. Blanck, a state prisoner at all times relevant, filed this *pro se* civil rights action. By order of October 31, 2006, the complaint was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and the plaintiff was issued a strike pursuant to 28 U.S.C. § 1915(g). On that same day, judgment was entered dismissing this action. Currently pending is the plaintiff's motion to appoint counsel.[2]

Review of the record in this case reveals that this is the second motion for appointment of counsel the plaintiff has filed since the October 31, 2006, judgment was entered. As noted in this court's prior order, **indigent civil litigants have no absolute**

---

[1] For reasons that are unclear, the plaintiff's motion names the Milwaukee FBI, and not the Honorable Patricia J. Gorence, as a defendant.

[2] On January 29, 2007, and February 1, 2007, the plaintiff filed attachments in support of his request to appoint counsel. However, review of the file in this case indicates that no formal motion for appointment of counsel is pending. In the interest of fairness, the court will construe the above-mentioned filings as a motion to appoint for appointment of counsel. All of the plaintiff's attachments will be considered when addressing such motion.

constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. *Id.* at 1073. If plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.*

The plaintiff has satisfied the threshold inquiry and provided evidence that he has attempted to obtain legal counsel on his own. Specifically, he has contacted several attorneys requesting representation, as well as the FBI, the Attorney General for the State of Wisconsin and the United States' Attorneys Office. (Pl.'s Attachments of Jan. 29, 2007, at 1; Pl.'s Attachments of Feb. 1, 2007, at 1; Ex. 2). The court's inquiry, however, does not end here. Once the plaintiff has shown that he has made reasonable efforts to secure counsel, the court, in exercising its discretion, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In the present case, the plaintiff's complaint has been dismissed for failure to state a claim. In particular, the relief the plaintiff desires, review of the Seventh Circuit's decision to deny him a certificate of appealability in *Blanck v. Bertrand*, No. 05–2880 (7th Cir. Oct. 24, 2005), and a second opportunity to pursue a petition for writ of habeas corpus,

2

may not be obtained from this court. (*See* Order of Oct. 31, 2006, at 6-7). For these reasons, the presence of counsel is not likely to make a difference in the outcome of this case. *See Farmer*, 990 F.2d at 322. Thus, the plaintiff's request for appointment of counsel must be denied.

Because the plaintiff has continued to file various motions since judgment was entered dismissing this action, the court finds it is necessary to advise the plaintiff that no additional motions will be accepted in this case. This means that any documents submitted to the court after entry of this order will be returned to the plaintiff as unfiled.

**IT IS THEREFORE ORDERED** that the plaintiff's request for appointment of counsel is **denied.**

**IT IS FURTHER ORDERED** that no additional motions will be accepted in this case. This means that any documents submitted to the court after entry of this order will be returned to the plaintiff as unfiled.

Dated at Milwaukee, Wisconsin, this 8th day of February, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**